Helm & Pickle v. Barnes. '

HELM & PICKLE *et als* v. BARNES *et als.*

TRUSTEE. *Material defendant.* *When.* A trustee, under a trust for credi-
tors, is a material defendant within the meaning of the statute, con-
ferring local jurisdiction upon a court of chancery, wherever the de-
fendant or any material defendant is found; and this, although the
bill is filed by the beneficiaries for the purpose of asserting their
rights under the trust against third persons.

FROM JEFFERSON.

Appeal from the Chancery Court at Dandridge.
H. C. SMITH, Ch.

SWAN & MEEK for complainants.

WASHINGTON for defendants.

COOPER, J., delivered the opinion of the court.

The only question raised by the demurrer in this
case is whether the Chancery Court of Jefferson county
has jurisdiction over the demurrants, citizens of Knox
county, by reason of the fact that their co-defendants
are trustees for the benefit of the complainants of the
lien sought to be asserted against the demurrants.

The bill was originally filed by Helm & Pickle,
as partners, and the present complainants, to enjoin
the sale of a steamboat under the deed of trust exe-
cuted by Helm & Pickle, to indemnify the demurrants
as sureties, and to have the rights of the parties de-
clared under these deeds and another lien or trust
claimed by their co-complainats on the steamer. The

local jurisdiction of the Chancery Court of Jefferson county depended, under the bill as originally framed, upon the fact that the persons made defendants with the demurrants were citizens of that county, the bill alleging that they were trustees of the lien claimed by the complainants other than Helm & Pickle. Helm & Pickle dismissed the bill so far as they were concerned; thereupon the defendants, except the alleged trustees for the remaining complainants, demurred.

It is argued that the defendants who do not demur are not trustees. The allegations of the bill in this connection are, that about $1,400 were raised by the subscription of the complainants and certain other persons not named, for whose benefit, as well as for themselves, the complainants sue, invested in the steamboat in controversy, and "secured by a lien on said steamer;" that these subscriptions were to be repaid in six and twelve months with interest, and are now due; that the defendants who do not demur were appointed trustees for all the subscribers; that the other defendants had full notice of the lien in favor of the subscribers at the dates of the conveyances under which they claim. The bill adds, "complainants will produce the written evidence of the lien in favor of the subscriptions on the hearing:" The substance of these allegations admitted by the demurrer is, that the two defendants who are citizens of Jefferson county are trustees for the complainants, and their co-beneficiaries of the lien secured on the steamer to repay their subscriptions, of which lien the complainants have and will produce written evidence. The trust would

probably be good even if only in parol. *Harris* v. *Carney*, 10 Hum., 349.

Our statute is, "a court of chancery acts *in personam*, and suit may be instituted wherever the defendant or any material defendant is found." Code, sec. 4305. The question, therefore, is whether a trustee in a suit by the beneficiaries to ascertain their rights and to assert them against the claimants to the trust property is a material defendant within the statute. On principle it would seem to be clear that he is a material party to any litigation touching the trust. The title to the property on which the lien or trust is fixed has been vested in him, and cannot be divested without bringing him before the court. But the point has been directly decided in a class of cases, in which the point may be said to have been submitted to a crucial test. Under the original judiciary act of Congress, and subsequent acts, up to the act of 1875 at any rate, the right to remove a cause from a State court to a court of the United States was made to depend upon the citizenship of the material parties. The question has been directly raised under these acts whether a trustee, under a trust assignment for creditors, is such a material party that his citizenship will prevent the removal of a cause, although the citizenship of the beneficiaries would authorize the removal. This court in the early case of *Dunn* v. *Waggoner*, 3 Yer., 59, held that he was such a material party, and the Supreme Court of the United States reached the same conclusion in *Gardner* v. *Brown*, 21 Wal., 36. And beneficiaries have always been entitled to come

into equity to assert their rights under a trust or lien against the trustee and third persons.     *Weir* v. *Tanne-hill*, 2 Yer., 57.     And the very fact that a trustee has not qualified, or has refused to act, would be a good ground for making him a defendant.

The demurrer is not well taken, and the Chancellor's decree overruling it must be affirmed with costs.